IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CUT-HEAL ANIMAL CARE           §
PRODUCTS, INC.,                §
                              §
    Plaintiff-counterdefendant,§
                              §  Civil Action No. 3:07-CV-1816-D
VS.                           §
                              §
AGRI-SALES ASSOCIATES, INC.,   §
                              §
    Defendant-counterplaintiff.§

MEMORANDUM OPINION
AND ORDER

Defendant-counterplaintiff Agri-Sales Associates, Inc. ("Agri-Sales") moves to modify the scheduling order to extend the deadlines for completing discovery, participating in mediation, and filing dispositive motions. Plaintiff-counterdefendant Cut-Heal Animal Care Products, Inc. ("Cut-Heal") opposes the motion to the extent Agri-Sales seeks extensions of the deadlines for conducting discovery (other than for party depositions) and for filing dispositive motions. For the reasons that follow, the court grants Agri-Sales' motion and extends the deadlines as set forth below.

I

The court need not recount in detail the background facts of this case to decide the present motion. The pertinent procedural history is as follows.

On February 26, 2008 the court filed a scheduling order establishing November 21, 2008 as the deadline for the parties to complete discovery and file a joint estimate of trial length and

joint status report concerning the progress of settlement negotiations, and establishing December 19, 2008 as the deadline for the parties to file motions for summary judgment or motions not otherwise covered by the scheduling order. On the same day, the court ordered that the parties mediate the case within 45 days. On August 26, 2008 the court granted Cut-Heal's unopposed motion to extend the mediation deadline and extended the deadline to November 28, 2008. Agri-Sales moves to extend until February 27, 2009 the deadline to complete discovery and file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations; extend until March 15, 2009 the deadline to file motions for summary judgment and motions not otherwise covered by the scheduling order; and extend until March 31, 2009 the mediation deadline.

After Agri-Sales filed its motion, it noticed the deposition of Cut-Heal's President for February 10, 2009. On February 4, 2009 Cut-Heal filed an expedited motion for protective order and to quash subpoena, which the court referred to Judge Stickney. In referring the motion, the court stated that Judge Stickney may assume that the court will be extending the discovery deadline, and, if necessary, will allow Agri-Sales to take the deposition of Cut-Heal's President on or about March 10, 2009 (the date Cut-Heal proposes), even if this date falls (assuming it does) after the expiration of the extended discovery period. Feb. 5, 2009 Order 1.

Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997). The "good cause" standard focuses on the diligence of the party seeking to modify the scheduling order. *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.; Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb.2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Instead, the movant must show that, despite his diligence, he could not reasonably have met the scheduling deadline. *Am. Tourmaline Fields*, 1998 WL 874825, at *1 (citing 6A Wright, et al., *Federal Practice & Procedure*, § 1522.1 at 231 (2d ed. 1990)); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

Agri-Sales maintains that, for several months (essentially from August to December) it focused its energy and resources on

settling with Cut-Heal rather than actively litigating this case. Therefore, it did not complete all necessary discovery or file dispositive motions by the court-ordered deadlines.[1] According to Agri-Sales, the settlement negotiations broke down in December 2008, after which it sought Cut-Heal's agreement to modify the scheduling order and, after Cut-Heal refused, promptly moved to modify the scheduling order. Agri-Sales maintains that it should not be penalized for emphasizing settlement over litigation, and that the fact that it otherwise conducted discovery before focusing on settlement shows its diligence.

Cut-Heal responds that Agri-Sales has already served two sets of written discovery that Cut-Heal has answered; that Agri-Sales has had adequate time to complete discovery; and that Agri-Sales has not shown a particularized need for the requested extension. Cut Heal also argues that it would be unduly burdened by the extension.

---

[1] Agri-Sales also posits that extending the deadline would increase efficiency because some matters in this case may be precluded by a related, pending lawsuit, *Cut-Heal Animal Care Products, Inc. v. AHC Products, Inc.*, No. 3:07-CV-1553-L (N.D. Tex. filed Sept. 12, 2007) (Lindsay, J.) ("*AHC Case*"), to be decided before this trial. Because the *AHC Case* has been settled, this argument has less force. While it may serve as a reasonable explanation for why Agri-Sales did not comply with the court-ordered deadlines, it cannot now serve as a justification for extending the deadlines (i.e., a delay for the purpose of enabling the parties to determine the outcome of the *AHC Case* before complying with pretrial deadlines in this case).

B

In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice. *See S&W Enters.*, 315 F.3d at 536 (addressing motion for leave to amend).

1

As for Agri-Sales' explanation for its failure to complete written discovery and file dispositive motions by the deadlines, Agri-Sales maintains that it has focused primarily on ongoing, informal settlement discussions with Cut-Heal rather than on conducting discovery and filing dispositive motions. Agri-Sales therefore contends that it has not developed its case for trial as fully as it would like.[2] It also posits that it has been unable to take Cut-Heal's deposition because Cut-Heal's President has been unavailable for, or has canceled, previously scheduled depositions.[3] Agri-Sales contends that the mediation scheduled for November 2008 was mutually canceled due to ongoing, informal

---

[2]As noted, Agri-Sales also posits that a related, pending lawsuit may have a dispositive or preclusive effect on this case. The court will only consider this argument to the extent set out *supra* at note 1.

[3]As noted, this issue is the subject of a pending motion for protective order and to quash subpoena that Agri-Sales filed on February 4, 2009 and that is pending before Judge Stickney.

settlement negotiations and that the parties canceled the mediation because they thought they were close to settlement.

Agri-Sales has demonstrated good cause for failing to complete written discovery and file dispositive motions by the applicable deadlines. Agri-Sales served two sets of written discovery before the discovery deadline. For a period of several months, Agri-Sales and Cut-Heal engaged in off-and-on settlement negotiations, and the parties canceled the November 2008 mediation because they believed they were close to settlement.[4] This is not a case where a litigant has conducted little or no discovery and, when faced with an imminent discovery deadline, has offered the tepid excuse that it was attempting to settle the case. Agri-Sales' other litigation conduct——including serving two sets of written discovery before the discovery deadline——establishes that it engaged in discovery but later shifted gears, emphasizing settlement over active litigation. The court agrees with Agri-Sales that, in such circumstances, a party should not effectively be penalized for trying to settle.

2

Regarding the importance of the requested relief, because Agri-Sales would not be able to conduct written discovery and file dispositive motions, the requested extension is important.

---

[4]Cut-Heal does not contest Agri-Sales' assertion that both parties believed they were close to settlement. It simply asserts that the November 2008 mediation was mutually canceled, at Agri-Sales' request.

Although Cut-Heal does not oppose extending the discovery deadline so that Agri-Sales can conduct party depositions, Agri-Sales has also demonstrated the importance of allowing it at least the option of conducting written discovery after a party deposition is completed. Were the court to permit Agri-Sales to conduct only party depositions, it would deprive Agri-Sales of the less costly option of written discovery, even when a deposition was unnecessary.

3

As for the prejudice factor, Cut-Heal asserts that it will be unfairly burdened by the extension, but it fails to offer a sufficient, specific explanation in support. Undoubtedly, because Cut-Heal opposes the motion, it would prefer to follow the deadlines established in the current scheduling order for completing written discovery and filing dispositive motions. But it has failed to establish, or even to specify, the prejudice that it would suffer were the court to grant the requested relief.

4

Finally, the court can grant a trial continuance, if necessary, to cure any prejudice. Because the June 15, 2009 trial setting is several months off and the parties have been attempting to settle, they presumably have not engaged in costly trial preparations. And granting a reasonable delay to allow discovery to be completed, dispositive motions to be filed, and mediation to

be conducted will not be unduly prejudicial.

5

Considered together, the factors weigh in favor of granting Agri-Sales' motion to modify the scheduling order.

\* \* \*

Accordingly, the court grants Agri-Sales' December 15, 2008 motion to modify scheduling order and extends the following deadlines to the dates shown.

The parties must complete discovery and file a joint estimate of trial length and joint status report concerning settlement negotiations no later than April 15, 2009.[5]

The parties must file motions for summary judgment and motions not otherwise covered by the scheduling order no later than April 30, 2009.[6]

---

[5]This extension will allow Agri-Sales to take the deposition of Cut-Heal's President on the date Cut-Heal has proposed, assuming Judge Stickney orders this relief, and obtain responses to written discovery, if such discovery otherwise complies with the rules and is needed after a deposition is taken.

[6]Cut-Heal requests in the alternative that, if the dispositive motion deadline is extended, the court restrict such motions to the preclusive effect of the *AHC Case*. The court denies this alternative request.

The parties must participate in mediation no later than May 15, 2009.

**SO ORDERED.**

February 9, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE