IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CUT-HEAL ANIMAL CARE §
PRODUCTS, INC., §
 §
    Plaintiff-counterdefendant, §
 § Civil Action No. 3:07-CV-1816-D
VS. §
 §
AGRI-SALES ASSOCIATES, INC., §
 §
    Defendant-counterplaintiff. §

MEMORANDUM OPINION
AND ORDER

    Defendant-counterplaintiff Agri-Sales Associates, Inc. ("Agri-Sales") moves for partial summary judgment dismissing plaintiff-counterdefendant Cut-Heal Animal Care Products, Inc.'s ("Cut-Heal's") claims under Tennessee law for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty. For the reasons that follow, the court grants the motion.

I

    Cut-Heal sells a variety of veterinary care products, including a line of liquid wound care treatments.[1] It markets its liquid wound care products using a distinctive trade dress, including the mark "CUT-HEAL," registered under U.S. Trademark No. 77/121,779. Agri-Sales markets and distributes equine and other

---

[1] The court recounts the evidence in a light favorable to Cut-Heal as the summary judgment nonmovant and draws all reasonable inferences in its favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC,* 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.,* 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

veterinary health products, including liquid wound care products. In 1993 the parties entered into a sales agreement (the "Agreement") granting Agri-Sales the exclusive right to sell and solicit orders for Cut-Heal's over-the-counter animal care products, including its liquid wound care treatments. Agri-Sales sold and distributed Cut-Heal's products under the Agreement for nearly 14 years.

In 2007 Cut-Heal learned that Agri-Sales was also selling and distributing a line of liquid wound care treatments produced by AHC Products, Inc. ("AHC"). According to Cut-Heal, the labeling on AHC products is identical to the labeling on some Cut-Heal products, and AHC packages some of its products in the same bottles Cut-Heal uses to package its products. Cut-Heal terminated the Agreement with Agri-Sales and brought this lawsuit. In its complaint and amended complaint, Cut-Heal asserted claims for trade dress infringement, trademark infringement, unfair competition/misappropriation, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. Agri-Sales filed a counterclaim alleging claims for breach of contract and bad faith failure to pay commissions. It also requested an accounting.

On March 16, 2009 the court filed an agreed order of partial dismissal with prejudice ("Agreed Order") under which Cut-Heal's claims for trade dress infringement, trademark infringement, and

unfair competition/misappropriation were dismissed with prejudice. The parties announced in October 2009 that the case had settled, and the court administratively closed the case. In January 2011, however, Agri-Sales moved the court to reopen the case after the settlement fell through. After Cut-Heal failed to respond to the motion, the court granted it. It also allowed Cut-Heal's counsel to withdraw, and new counsel entered appearances in April 2011. On April 12, 2011 the court filed an electronic notice indicating that Agri-Sales' July 30, 2009 motion for partial summary judgment was now under submission. Agri-Sales moves for summary judgment dismissing Cut-Heal's remaining claims for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty. Cut-Heal opposes the motion.

II

When the summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once it does so, the nonmovant must go beyond its pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

III

The court first considers whether Agri-Sales is entitled to summary judgment dismissing Cut-Heal's claim for breach of the implied covenant of good faith and fair dealing.

A

Agri-Sales argues that it is entitled to judgment as a matter of law because Cut-Heal's claim is not an independent basis for relief and can only be asserted as a derivative of a breach of contract claim, which Cut-Heal does not assert. Agri-Sales maintains that summary judgment is warranted even if this claim is legally available because Agri-Sales has not acted in bad faith in its dealings with Cut-Heal. Cut-Heal responds that an independent cause of action for breach of the covenant of good faith and fair dealing is available under Tennessee law. Cut-Heal also contends that Agri-Sales is not entitled to summary judgment because the determination that a party acted in bad faith is a fact issue, and there are material fact issues concerning whether Agri-Sales acted in bad faith. Cut-Heal posits that Agri-Sales engaged in unfair

competition by offering goods that infringed its trademarks and trade dress and purported to contain its original product formula.

B

Under Tennessee law, "every contract carries with it an implied covenant of good faith and fair dealing." *Goot v. Metro. Gov't of Nashville and Davidson Cnty.*, 2005 WL 3031638, at *7 (Tenn. Ct. App. Nov. 9, 2005) (unpublished opinion) (citing *Wallace v. Nat'l Bank of Commerce,* 938 S.W.2d 684, 686 (Tenn. 1996)); *see also TSC Indus., Inc. v. Tomlin*, 743 S.W.2d 169, 173 (Tenn. Ct. App. 1987) ("[T]here is implied in every contract a duty of good faith and fair dealing in its performance and enforcement[.]"). "[A] claim based on the implied covenant of good faith and fair dealing is not a stand alone claim; rather, it is part of an overall breach of contract claim." *Jones v. LeMoyne-Owen Coll.*, 308 S.W.3d 894, 907 (Tenn. Ct. App. 2009) (citing *Lyons v. Farmers Ins. Exch.,* 26 S.W.3d 888, 894 (Tenn. Ct. App. 2000)); *see also Hermosa Holdings, Inc. v. Mid Tenn. Bone and Joint Clinic, P.C.,* 2009 WL 711125, at *9 (Tenn. Ct. App. Mar. 16, 2009) (unpublished opinion) ("Although lack of good faith may be an element or circumstance in an action for breach of contract, Tennessee courts do not recognize lack of good faith, standing alone, as an actionable tort[.]") (citing *Solomon v. First Am. Nat'l Bank,* 774 S.W.2d 935, 945 (Tenn. Ct. App. 1989)).

Cut-Heal relies on *Wallace* for the proposition that breach of

the implied covenant of good faith and fair dealing is available as an independent cause of action under Tennessee law. This reliance is misplaced. In *Wallace* the Tennessee Supreme Court accepted a lower court's conclusion that the plaintiffs' arguments concerning good faith and fair dealing stated a sufficient claim for breach of contract. *Wallace*, 938 S.W.2d at 685 (characterizing the suit as "an action for breach of written contract" and "defer[ring] to the Court of Appeals' decision" that "references in [plaintiffs'] complaint to the substance of the deposit agreements upon which plaintiffs base[d] their suit [met] the minimum requirements for stating a cause of action" for breach of contract). The court expressly noted that Tennessee courts of appeals hold that "in Tennessee there is no cause of action in tort for breach of the duty of good faith in the performance of a contract." *Id.* at 685 n.1 (citing *Solomon,* 774 S.W.2d at 945).

Cut-Heal also relies on *Duke v. Browning-Ferris Industries of Tennessee, Inc.*, 2006 WL 1491547 (Tenn. Ct. App. May 31, 2006) (unpublished opinion), arguing that *Duke* does not limit the availability of a cause of action for breach of the implied covenant of good faith and fair dealing because the case relies on law relevant only to sale of goods transactions governed by the Uniform Commercial Code. Cut-Heal's reliance on *Duke* is also misplaced. Although the court in *Duke* cited T.C.A. § 47-1-203 (now § 47-1-304), stating that "in commercial transactions good faith is

required in the performance and enforcement of all agreements or duties," *Duke* concerned a dispute over waste hauling services, not a sale of goods, and the opinion is not limited to claims arising under the UCC. *See* Tenn. Code Ann. § 47-1-304 (West 2008); *Duke*, 2006 WL 1491547, at *1, *9. Moreover, as the court stated, "[t]he fact that [plaintiff's] complaint asserts an independent claim for breach of good faith and fair dealing should negate that cause of action." *Id.* at *9. The court assumed *arguendo* that the claim could stand alone before concluding that the complaint had not specified any breach of the covenant of good faith and fair dealing in the performance of the contract. *Id.* But it reiterated the holding in *Solomon* that "'[b]reach of the implied covenant of good faith and fair dealing is not an independent basis for relief,' but rather 'may be an element or circumstance of recognized torts, or breaches of contracts.'" *Duke*, 2006 WL 1491547, at *9 (quoting *Solomon*, 774 S.W.2d at 945).

Following the entry of the Agreed Order in this case, Cut-Heal's only remaining claims are for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty. Cut-Heal's claim that Agri-Sales breached the implied covenant of good faith and fair dealing is asserted as a stand-alone claim, not as a component of a breach of contract claim, and is therefore unavailable under Tennessee law. *See, e.g., Jones*, 308 S.W.3d at 907 ("[A] claim based on the implied covenant of good faith and

fair dealing is not a stand alone claim; rather, it is part of an overall breach of contract claim.").

Accordingly, the court dismisses Cut-Heal's claim for breach of the implied covenant of good faith and fair dealing.

IV

The court next considers whether Agri-Sales is entitled to summary judgment dismissing Cut-Heal's claim for breach of fiduciary duty.

A

Agri-Sales moves for summary judgment on the ground that, as Cut-Heal's sales representative, it acted as an independent contractor, not as an agent, and did not owe Cut-Heal a fiduciary duty. Agri-Sales points to the Agreement, which specifies that "[it] is not an employee of [Cut-Heal] for any purpose whatsoever, but is an independent contractor." D. App. 83. Agri-Sales maintains that, according to the Agreement, it retained "sole control of the manner and means of performing under [the] Agreement." *Id.* Moreover, Agri-Sales contends that Cut-Heal conducted the parties' business relationship as if Agri-Sales were an independent contractor, not Cut-Heal's agent. In support, Agri-Sales contends that the deposition testimony of John McCready ("McCready"), Cut-Heal's CEO, shows that Cut-Heal did not understand the Agreement to prohibit Agri-Sales from representing a Cut-Heal competitor.

Cut-Heal responds that although the Agreement refers to Agri-Sales as an independent contractor, this designation only establishes that Agri-Sales was not Cut-Heal's employee, and does not alone insulate Agri-Sales from agency liability. It maintains that an independent contractor is considered an agent, owing duties of loyalty and obedience to the principal, if the principal retains the right to control the independent contractor. Cut-Heal contends that, under the Agreement, it retained substantial control over Agri-Sales' marketing and sales efforts on its behalf, including pricing, terms of sale, and final order approval. Accordingly, Cut-Heal maintains that Agri-Sales acted as its agent when marketing and selling its products, and therefore owed it the fiduciary duties of loyalty and obedience. Cut-Heal opposes summary judgment, contending that the evidence presents a material fact issue whether Agri-Sales breached these duties by selling products that unfairly competed with Cut-Heal's products, by copying its trade dress and trademark, and by advertising that other products contained its formula.[2]

---

[2]Cut-Heal contends that its breach of fiduciary duty claim is not based solely on Tennessee law, and argues that granting Agri-Sales summary judgment under Tennessee law would not dismiss the claim in its entirety. The court disagrees. Cut-Heal has responded to Agri-Sales' arguments based on Tennessee law. Moreover, the choice of law clause in the Agreement provides that it will be "enforced and construed" under the law of the state where the Agent's principal office is located, i.e., Tennessee. D. App. 84. Therefore, the nature of the parties' relationship is controlled in these circumstances by Tennessee law.

B

Under Tennessee law, an agent is a fiduciary with respect to matters within the scope of the agency. *See Humphrey v. TomKats, Inc.*, 2006 WL 2285806, at *9 (Tenn. Ct. App. Aug. 8, 2006) (unpublished opinion) (citing *Roberts v. Iddins*, 797 S.W.2d 615, 617 (Tenn. Ct. App. 1990)). An agency relationship does not require an explicit agreement. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 725 (Tenn. 1997). "The fact that [an agreement] refers to [a party] as an independent contractor . . . is of no significance." *Humphrey*, 2006 WL 2285806, at *9 (citing *Franklin Distrib. Co. v. Crush Int'l, Inc.*, 726 S.W.2d 926, 930 (Tenn. Ct. App. 1986)). "When 'the facts establish the existence of an agency relationship, it will be found to exist whether the parties intended to create one or not.'" *White v. Revco Discount Drug Centers, Inc.*, 33 S.W.3d 713, 723 (Tenn. 2000) (quoting *Harben v. Hutton,* 739 S.W.2d 602, 606 (Tenn. Ct. App. 1987)). "The analysis hinges on the right to control the agent's actions and, ultimately, the fact of actual control over the agent." *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 653 (Tenn. 2009) (citations omitted). The "[p]rimary focus in determining whether a person or entity is an agent for an employer is the employer's right of control over the work done for the employer, whether or not that control was exercised." *Dexter Ridge Shopping Ctr., LLC v. Little*, 2010 WL 3668886, at *10 (Tenn. Ct. App. Sept. 22, 2010) (unpublished

opinion) (citing *Youngblood v. Wall,* 815 S.W.2d 512, 517 (Tenn. Ct. App. 1991)); *see also Jack Daniel Distillery, Lem Motlow, Prop. v. Jackson*, 740 S.W.2d 413, 416 (Tenn. 1987) ("the right of control is the essential test"). The burden of proof rests on the party asserting the agency relationship. *Jack Daniel Distillery*, 740 S.W.2d at 416.

C

Agri-Sales has pointed to the absence of evidence on the issue of control. Cut-Heal has not satisfied its burden of introducing evidence that would permit a reasonable jury to find in its favor.[3] Cut-Heal does not respond to Agri-Sales' reliance on the deposition of McCready, Cut-Heal's CEO. McCready testified that the Agreement reserved to Agri-Sales "sole control of the manner and means of performing under [it]," D. App. 22, and that Cut-Heal did not exercise any control over Agri-Sales other than terminating the Agreement. Instead, Cut-Heal argues only that the Agreement reserved the right of control over Agri-Sales by

---

[3]To the extent that Cut-Heal relies on the contents of the Agreement, this is insufficient. Cut-Heal points out that the Agreement is styled as a "Marketing Agency Agreement" and that it refers to the parties as "principal" and "agent." D. App. 83. But the Agreement also expressly states that Agri-Sales "is not an employee of [Cut-Heal] for any purpose whatsoever, but is an independent contractor." And it provides that Cut-Heal "shall not have the right to require [Agri-Sales] to do anything which would jeopardize the relationship of independent contractor between [Cut-Heal] and [Agri-Sales]." *Id.* The question of control therefore turns on the existence of evidence apart from the terms of the Agreement itself.

providing that it would establish "sales policies" that are designated in the Agreement as "prices, charges, and terms of sale" of its products. D. App. 83. Cut-Heal does not argue that it reserved the right to control any other aspect of Agri-Sales' business. McCready testified that he was not aware that Agri-Sales ever attempted to create a contract or obligation on behalf of Cut-Heal, that Agri-Sales was responsible for its own employees and salesmen, who worked at its own expense, and that he considered Agri-Sales to be an independent contractor throughout the period the Agreement was in force.

Assuming *arguendo* that the Agreement reserved to Cut-Heal sufficient control over Agri-Sales to establish agency, Cut-Heal has not produced evidence that would permit a reasonable jury to find that Cut-Heal's right of control extended in scope to the actions it alleges violated Agri-Sales' fiduciary duties. Under Tennessee law, an agent is a fiduciary with respect to matters within the scope of the agency. Agri-Sales relies on *Humphrey*, but the *Humphrey* court declined to decide whether an agency relationship existed; it affirmed the trial court's dismissal of a counterclaim for breach of fiduciary duty because, even assuming that agency obligations bound the plaintiff, the breach of fiduciary duty counterclaim fell outside the scope of the agency.

*Humphrey*, 2006 WL 2285806, at *9.[4]

Cut-Heal's claim for breach of fiduciary duty similarly falls outside the scope of any agency relationship that a reasonable jury could find existed between the parties. Cut-Heal argues only that it retained the right to set the prices, charges, and terms of sale of its products under the Agreement. Assuming the parties had an agency relationship in this respect, none of Cut-Heal's breach of fiduciary duty claims is based on the alleged breach of a duty arising from setting the prices, charges, and terms of product sales.

Moreover, the Agreement does not place restrictions on Agri-Sales' rights in operating its marketing and sales business to represent other companies or act as a sales representative for other products. *See Pinehurst, Ltd. v. Jarratt*, 1991 WL 241184, at *2-3 (Tenn. Ct. App. Nov. 20, 1991) (unpublished opinion) (affirming that plaintiff was independent contractor because he otherwise would not have been free, as he was in the parties' course of dealing, to work for any other business in plaintiff's line of work).

Finally, Cut-Heal's claim that Agri-Sales breached its

---

[4]Humphrey sold vendor booth contracts for events produced by TomKats, then produced events for another company, which TomKats argued amounted to a breach of fiduciary duty. *Humphrey*, 2006 WL 2285806, at *2-3. Because the contract simply bound Humphrey to sell booths at TomKat's events, the court reasoned, it did not prevent him from becoming involved in producing other events. *Id.* at *9.

fiduciary duty turns on allegations that Agri-Sales sold products that infringed Cut-Heal's trade dress and that were advertised to contain Cut-Heal's original formula. But Cut-Heal's claims for trademark infringement, trade dress infringement, and unfair competition have been dismissed by agreement with prejudice. Cut-Heal cannot prove that these same allegations constitute a breach of Agri-Sales' fiduciary duty.

Accordingly, the court grants Agri-Sales' motion for summary judgment on Cut-Heal's claim for breach of fiduciary duty.

V

In its answer to Cut-Heal's complaint, Agri-Sales counterclaims for breach of contract and bad faith failure to pay commissions. It also requests an accounting. Within 14 days of the date this memorandum opinion and order is filed, Agri-Sales must notify the court in writing whether it desires to pursue its counterclaims. If it does, the court will set this case for a trial of the counterclaims. If Agri-Sales opts for entry of a final judgment based on the March 16, 2009 Agreed Order and this memorandum opinion and order, the court will dismiss the counterclaims without prejudice and enter a final judgment dismissing Cut-Heal's action against Agri-Sales with prejudice.

* * *

For the reasons explained, Agri-Sales' July 30, 2009 motion for partial summary judgment is granted. Cut-Heal's remaining claims are dismissed with prejudice.

**SO ORDERED.**

April 26, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE